*J. R. Botts, for appellee.*

---

L. P. LYTER *v.* LOUISVILLE, C. & L. R. Co.

[Abstract Kentucky Law Reporter, Vol. 6—223.]

**Duty of Railroad Company to Trespasser.**

Where one who is walking along the railroad track where there is no crossing, or using a part of a railroad track without license or right, is hurt by a rod which has become detached from the engine, he can not recover for such injury, for he is guilty of culpable negligence in trespassing on the right of way. The company is under no obligation to furnish him a safe place to walk, and is not liable unless it was aware of the danger and could by ordinary care have avoided it.

APPEAL FROM HENRY CIRCUIT COURT.

September 11, 1884.

OPINION BY JUDGE PRYOR:

The appellant in this case is seeking to recover of the railroad company damages by reason of an injury received from defective machinery attached to and forming a part of its locomotive. The parallel rods connecting the driving wheels of the locomotive broke while the train was on its way from Lexington to Louisville, and one of the pieces struck some other part of the machinery, knocking it off, striking appellant's leg and breaking it. The appellant at the time was standing near the track of the appellee in a short distance from the main track and on appellee's right of way. He alleges that the careless and negligent running of the train by the appellee or its employes after and before the breaking of the rod caused his injury, and that the machinery was defective. The appellant states that he was on his way to the town of Smithfield in Henry county, and walking on appellee's track; that he discovered the train approaching him when about one-half mile off; and when it got nearer, within about two hundred fifty yards, he noticed a blue streak of smoke or something like it coming from the side of the engine, and when the train was within forty yards of him he stepped off the track with his face towards the train, when some part of the machinery struck him and broke his leg. There was a turnpike as well as dirt road leading to where the appellant was going, but a path along the side of the road leading to Smithfield used by Radford's family, to whose home appellant had been on business. The railroad was fenced on both sides at the point where the accident occurred and the train was running about thirty-five or forty miles per hour.

The appellant offered to prove that the fireman said at the time the locomotive had been brought off of another part of the line because it was unable to perform the work and was in a disabled condition. This testimony was objected to and the objection sustained. The fireman was a competent witness for the plaintiff, and we see no reason for permitting the declaration of this employe to be proved, as to the existence of facts transpiring long before the accident or as to the condition of the engine at the time.

The fireman and not Rice was the witness to prove the existence of these facts, and it is certain that such an employe is not that character of agent whose declarations are admissible upon the ground that he is speaking for the corporation.

There is no testimony in this case that the company or its agents had notice of any defect in the machinery, and the only evidence conducing to show neglect is the presumption that the employes of the train must have known that something was wrong with the machinery from the peculiar noise made after the breaking of the rod. If such a presumption arises what obligation was the appellee under to provide a safe and properly constructed locomotive for the protection of those who are trespassers upon its track. The appellee's roadway was not a public highway, and if the appellant had kept off of it the injury would not have happened. He walked leisurely on appellee's track and, although seeing the train coming at forty miles an hour, kept on the track until it was within forty yards of him and then ascended an embankment five feet above the track and stood, until struck by the flying timbers from the road. He left the track with a view of using it as a passway as soon as the train passed, and if not he was where he had no right to be, and in a place where the company or its employes were under no obligation to provide for his safety unless they were aware of the danger he was in and could by the exercise of ordinary care have avoided it.

Walking along the track of a railway where there is no crossing, or using a part of a railroad track without license or right, is culpable negligence. A railroad company is under no greater obligation to protect a trespasser in such a case than the individual owner of land is under to protect those who are trespassing upon it. There is no testimony of any failure of duty, on the part of the company to the plaintiff.

This court has always held railroad companies to a rigid accountability for the negligence of its employes, when persons have been injured at places on and near the track of their road where they had the right to be. Such a ruling is not only just to the railroads but indispensable to the safety and protection of the public; but between stations and public crossings the company is entitled to the exclusive use of its road, and the man who undertakes to use it for the ordinary purposes of travel does so at his peril.

In this case the exercise of care and prudence on the part of the company towards the plaintiff was made necessary by the plaintiff's own wrongful act, and in such a case no recovery can be had, unless the danger to him was known to the defendant and could by the exercise of the proper care have been avoided. This doctrine has been announced in the cases of the *Louisville & P. Canal Co. v. Murphy,* 9 Bush (Ky.) 522; *Louisville & N. R. Co. v. Howard's Admr.,* 82 Ky. 212, 6 Ky. L. 163, and *Paducah & M. R. Co. v. Hoehl's Admr.,* 12 Bush (Ky.) 41. Besides, the duty of a railroad company to provide safe and secure machinery can not well be said to arise as to those who are trespassers upon the track of its road. This question, however, is not necessary to be decided, as there is no evidence of any neglect on the part of the company in this regard. See *Hargreaves v. Deacon's Admr.,* 25 Michigan 1; Sherman & Redfield, § 487. We think the court below acted properly in instructing the jury to find for the defendant.

Judgment *affirmed.*

Carroll & Barbour, W. P. Thorn, for appellant.

Wm. Lindsay, for appellee.

[Cited *Brown's Admr. v. Louisville & N. R. Co.,* 97 Ky. 237, 30 S. W. 639.]